## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

VICTOR ANDREWS,

        Plaintiff,

             -against-

DS CANTINA, INC.,

        Defendant.

Case No.:

**COMPLAINT**
**Jury Trial Demanded**

Plaintiff, VICTOR ANDREWS (hereinafter "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendant, DS CANTINA, INC. (hereinafter "Defendant"), and states as follows:

### INTRODUCTION

1.     This complaint seeks to put an end to systemic civil rights violations committed by the defendant against the plaintiff. Defendant is denying Plaintiff equal access to the information and services Defendant provides to its non-disabled customers through its website: https://dstequila.com/ (hereinafter the "Website"). The Website markets a wide array of the price specials, events, menus, merchandise, and services offered to the public by Defendant. Yet, the Website contains access barriers that make it difficult, if not impossible, for blind customers to use the Website. In fact, the access barriers make it impossible for blind users to even access the main menu of the Website which exists to help users navigate the organized content of the website. Defendant thus excludes Plaintiff from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive

computer technology is becoming an increasingly prominent part of everyday life, allowing blind people to fully and independently access a variety of alternative online services, such as the abilities to make reservations, browse restaurant menus, and learn about businesses or programs of interest.

2.       Plaintiff is a blind individual. He brings this complaint against Defendant for failing to own and maintain a website that is fully accessible to, and independently usable by, blind people, such as himself.

3.       Specifically, the Website has many access barriers preventing the plaintiff from independently navigating and accessing its web content using assistive computer technology.

4.       Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

5.       Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are approximately 250,000 visually impaired persons in the State of Illinois.[2]

6.       Many blind people enjoy using the Internet just as sighted people do. The lack of an accessible website means that blind people, including Plaintiff, are excluded from the rapidly expanding self-service industry and from independently accessing the Website.

7.       Despite readily available accessible technology, such as the technology in use at other heavily trafficked websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendant has

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] American Foundation for the Blind, State-Specific Statistical Information, January 2015

2

chosen to rely on an exclusively visual interface. Defendant's sighted customers can independently browse, select, and book tickets online without the assistance of others. However, blind people must rely on sighted companions to assist them in making an online reservation or purchase on the Website.

8.     By failing to make the Website accessible to blind persons like Plaintiff, Defendant is violating basic equal access requirements under both state and federal law.

9.     Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons.

10.     Plaintiff intended to browse the Website to learn about D.S. Tequila Co.'s event calendar, menu, and reservation process, but was unable to find the information Unless Defendant remedies the numerous access barriers on the Website, Plaintiff will continue to be unable to independently navigate, browse, and use the Website.

11.     This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and remove accessibility barriers on the Website so that Plaintiff will be able to independently and privately use the Website. This complaint also seeks compensatory damages to compensate Plaintiff for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §

1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA")

13.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a). Defendant is subject to personal jurisdiction in the Northern District of Illinois based on its principal place of business. Defendant is registered to do business in the State of Illinois and has been doing business in the State of Illinois. The business location is owned by Defendant and is located in the State of Illinois. Defendant also has been and is committing the acts alleged herein Illinois State, has been and is violating the rights of consumers in Illinois State, and has been and is causing injury to consumers in Illinois State.

## PARTIES

13.     Plaintiff is and has been at all times material hereto a resident of Kings County, New York.

14.     Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*. Plaintiff cannot use a computer without the assistance of screen reader software. Plaintiff has been denied the full enjoyment of the facilities, goods and services of the Website, as a result of accessibility barriers on the Website. Most recently in July 2019, Plaintiff attempted to browse the Website but could not locate the menu or any direct links due to the inaccessibility of the main menu, whose titles and links are entirely skipped by screen reader technology. The inaccessibility of the Website has deterred him from learning about the Restaurant.

15.     Defendant is an American for-profit corporation organized under the laws of Illinois State with a principal executive office located at 73 East Lake Street, Apartment #3108, Chicago, IL 60601.

16.    Defendant owns and operates D.S. Tequila Co., which it describes as a "casual, full service, Tex-Mex restaurant and bar." D.S. Tequila Co. (hereinafter the "Restaurant" or "D.S. Tequila") is a place of public accommodation located in Illinois State. The Website provides access to the array of goods and services offered to the public by Defendant. The inaccessibility of the Website has deterred the plaintiff from using the defendant's online, which is available on the Website.

17.    Plaintiff, on behalf of himself, seeks full and equal access to the services provided by Defendant through the Website.

## FACTUAL ALLEGATIONS

18.    Defendant owns and operates D.S. Tequila, a full-service Tex-Mex restaurant and bar in the city of Chicago that is located at 3352 N. Halsted Street, Chicago, Illinois 60657.

19.    The Website is a service and benefit offered by Defendant throughout the United States, including Illinois State. The Website is owned, controlled and/or operated by Defendant.

20.    Among the features offered by the Website are the following:

(a)    access to D.S. Tequila's event calendar;

(b)    the ability to purchase merchandise and event tickets;

(c)    access to customer reviews and visitor experiences, as they are portrayed on various social media platforms;

(d)    access to D.S. Tequila's photo gallery, location, and contact information; and

(e)    information on D.S. Tequila's weekly specials, media presence, and history.

21.    This case arises out of Defendant's policy and practice of denying the blind access to the Website, including the goods and services offered by Defendant through the Website. Due to Defendant's failure and refusal to remove access barriers to the Website, blind individuals have

been and are being denied equal access to the Restaurant's Website, as well as to the numerous goods, services and benefits offered to the public through the Website.

22.     Defendant denies Plaintiff access to goods, services and information made available through the Website by preventing her from freely navigating the Website.

23.     The Internet has become a significant source of information on businesses, events, and programs, as well as a platform for conducting business, for sighted and blind persons.

24.     The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Unless a blind person's residual vision is sufficient enough to use magnification, screen access software provides the only method by which a blind person, like Plaintiff, can independently access the Internet. Unless websites are designed to allow for use in this manner, Plaintiff is unable to fully access Internet websites and the information, products and services contained therein.

25.     There are well established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are

accessible; and adding headings so that blind people can easily navigate the site. Without these very basic components a website will be inaccessible to a blind person using a screen reader.

26.     The Website contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: inaccessible forms; the lack of adequate prompting and labeling; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

27.     Navigability is a principle tenet of website accessibility that requires web content to be organized in a manner that helps users navigate, find content and determine where they are. Plaintiff attempted to locate and read DS Tequila's food and beverage menus on the Website but was unable to do so because  the main menu on the Website is not compatible with screen reading software, rendering it invisible to users of assistive technology

28.      The Website thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use the Website and who would otherwise be able to fully and equally enjoy the benefits and services of D.S. Tequila and its corresponding website.

29.     Plaintiff has made numerous attempts to make a reservation on the Website, most recently in July 2019, but was unable to do so independently because of the many access barriers on the Website. These access barriers have caused the Website to be inaccessible to, and not independently usable by, Plaintiff and other blind or visually impaired individuals.

30.     Plaintiff experienced many barriers in attempting to access the Website. For instance, the Web Content Accessibility Guidelines (WCAG) are part of a series of web accessibility guidelines published by Web Accessibility Initiative (WAI) of the World Wide Web Consortium (W3C), which are the main international standards organization for the Internet.

Plaintiff was completely blocked from accessing the main menu of the Website. Defendant has failed to adhere to the recommendations of many of these guidelines such as:

     a.  WCAG 2.1 recommending businesses to make all functionality available from a keyboard since the Website requires the visual activity of mouse manipulation to complete a purchase.

     a.  WCAG 2.4 recommending businesses to provide help for users to navigate, find content and determine where they are on the Website due to the Website's lack of links and headings.

     b.  WCAG 4.1 recommending businesses to maximize compatibility with current and future user agents, including assistive technologies, for the reasons stated above.

31.    As described above, Plaintiff has actual knowledge of the fact that the Website contains access barriers causing it to be inaccessible, and not independently usable by, himself and other blind or visually impaired individuals.

32.    These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of the Website and the Restaurant.

33.    Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

     (a)  constructing and maintaining a website that is inaccessible to the blind with knowledge of the discrimination; and/or

     (b)  constructing and maintaining a website that is sufficiently intuitive and/or obvious that is inaccessible to the blind; and/or

     (c)  failing to take actions to correct these access barriers in the face of substantial harm and discrimination to the blind.

34.     Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff)

35.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

36.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

37.     D.S. Tequila is a sales establishment and public accommodation within the definition of 42 U.S.C. § 12181(7)(E). The Website is a service, privilege or advantage of Defendant. The Website is a service that is by and integrated with D.S. Tequila.

38.     Defendant is subject to Title III of the ADA because it owns and operates the Website.

39.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

40.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from

the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

41.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

42.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

43.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making the Website accessible, including but not limited to: ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

44.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Defendant who are blind

have been denied full and equal access to the Website, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

45.    Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

46.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website and the Restaurant in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

47.    Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

48.    The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

49.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

50.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**
(Declaratory Relief)

(on behalf of Plaintiff)

51.    Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

52.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website

contains access barriers denying her, a blind customer, full and equal access to the goods, services and facilities of the Website and by extension the Restaurant, which Defendant owns and operates, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., N.Y. Exec. Law § 296, *et seq*.

53.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

54.     A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

2.     A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

55.     A declaration that Defendant owns, maintains and/or operates the Website in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

56.     Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by state and federal law;

57.     For pre- and post-judgment interest to the extent permitted by law; and

58.     Such other and further relief as the Court deems just and proper.

DATED: August 5, 2019                        LEE LITIGATION GROUP, PLLC

                                             By: _/s/ C.K. Lee_____
                                             C.K. Lee (#2903557)
                                             73 West Monroe Street
                                             Chicago, IL 60603
                                             Tel.: 212-465-1188
                                             Fax: 212-465-1181